Ryan T. McFarland, ISB No. 7347
Adam Warr, ISB No. 8838
Scentsy, Inc.
rmcfarland@scentsy.com
awarr@scentsy.com
2701 E. Pine Ave.
Meridian, ID 83642
Telephone: 208.286.3979
Fax: 208.895.1270

Brent Bastian ISB 8071
Kirton McConkie
bbastian@kmclaw.com
1100 W. Idaho St., Ste. 930
Boise, ID 83702
Telephone: 208.370.3325

Attorneys for Scentsy

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>BLUE CROSS OF IDAHO HEALTH SERVICE, INC.,<br><br>　　　　Defendant. | Case No. 1:23-cv-00552-AKB<br><br>**AMENDED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL** |

　　　Plaintiff Scentsy, Inc., ("Scentsy") by and through its undersigned counsel of record, respectfully files this Memorandum in support of its Motion to Compel.

### INTRODUCTION

　　　This case concerns BCI's failure to live up to its contractual and fiduciary obligation to timely process and pay claims. The insurance claim at the heart of this case arose from a single

patient, who when born, had health complications and was transported to an out-of-state provider, resulting in multi-million dollar hospital bill ("Patient Claims").  BCI agreed to serve both as the administrator of Scentsy's health plan and as Scentsy's excess-loss insurer.  Unfortunately, BCI abused both roles: it needlessly delayed the administration of a set of high-dollar claims for the patient and then attempted to use its own delay to avoid having to pay the excess loss on the Patient Claim as Scentsy's insurer.  When Scentsy complained, BCI doubled down, arguing first that its contract with Scentsy had deadlines which simply do no exist, and second that its delays could be explained by the size or location of the Patient Claims, all the while ignoring the fact that it had paid a nearly identical set of claims for the Patient the previous month in a small fraction of the time.

Scentsy has sought documents from BCI to demonstrate both BCI's fiduciary duty to Scentsy and its breach of that duty.  Scentsy has requested records showing that BCI either 1) purposely delayed reconciliation of the Patient Claims, or 2) negligently failed to take the necessary steps to follow-up with the out-of-state provider regarding Patient Claims.  The outcome of either of these scenarios is a breach of BCI's fiduciary duty it owed to Scentsy: BCI enriched itself by passing costs BCI was obligated by law and contract to pay to Scentsy.

BCI has withheld records that are necessary for Scentsy to prove its bad faith and breach of duty claims.  BCI continues to stand on its objections and refuses to produce documentation necessary for Scentsy to establish its case.

## BACKGROUND FACTS

1. On November 26, 2024, Scentsy served its First Set of Interrogatories and Requests for Production of Documents, and Requests for Admission to Plaintiff on BCI.

AMENDED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - 2

2.  BCI responded to Scentsy's discovery requests on December 26, 2024. McFarland Dec., ¶ 3, Ex. B.

3.  Scentsy's discovery requests and BCI's responses – those at issue in this motion – are as follows:

   a. **REQUEST FOR PRODUCTION NO. 3** Please produce all documents and communications concerning any and all billing records for the Patient.

      **RESPONSE:** Defendant objects to this Request as it is overly broad, vague and ambiguous, and unduly burdensome as it is not limited in scope or time to the medical care relevant to this litigation but instead requests "all" documents at any time without limitation. In addition, Defendant objects to this Request as it includes documents equally accessible to, or already in the possession of, Plaintiff. Defendant further objects to the extent the Request seeks the production of attorney-client privileged documents and/or work product. Defendant further objects to the extent "billing records" is an undefined term and is vague and ambiguous.

      Defendant *stands on its objections* and will not produce documents in response to this Request.

   b. **REQUEST FOR PRODUCTION NO. 22** To the extent that BCI believes that ERISA is irrelevant to Scentsy's claims in the above-captioned matter, please produce all non-privileged documents and communications upon which BCI bases that belief, in whole or in part.

      **RESPONSE:** Defendant objects to this Request as it is overly broad, vague and ambiguous, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Defendant objects as any document or communication responsive to this Request is privileged, and the Request calls for a legal conclusion.

      Defendant *stands on its objections* and will only produce the relevant ASA and excess loss contract. Defendant will not produce any other documents in response to this Request.

McFarland Dec. ¶ 3, Ex. B (*emphasis added*).

4.  BCI's responses to the above-listed responses for production are deficient, and its objections are unsustainable. *See* McFarland Dec., ¶ 4, Ex. B.

AMENDED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - 3

5. Scentsy sent BCI a letter detailing the deficiencies in BCI's response. McFarland Dec., ¶ 4, Ex. C.

6. On April 10, 2025, counsel for Scentsy and BCI met and conferred via Microsoft Teams to discuss the deficiencies. In the meeting, BCI counsel reiterated that BCI would continue to stand on its objections for at least the two above-mentioned requests for production and would not produce all of the requested documents. McFarland Dec., ¶ 5.

7. On April 18, 2025, BCI served Supplemental Responses to Scentsy's Requests for Production on Scentsy, apparently withdrawing its objections to Scentsy's Requests for Production Nos. 11 and 12, but reiterating its objections to Request for Production 3 (and saying nothing new about Request for Production 22). McFarland Dec., ¶ 8.

## ARGUMENT

### A. Counsel for the Parties Have in Good Faith Conferred Regarding the Discovery Issues.

Federal Rule of Civil Procedure 37 allows a party to move for an order compelling discovery. "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* According to District Local Rule 37.1, "confer means to speak directly with opposing counsel or a self-represented litigant in person, by video, or by telephone, to identify and discuss disputed issues and to make a reasonable effort to resolve the disputed issues." Counsel for the parties did engage in the required good faith effort to resolve the discovery issues: first, Scentsy's counsel sent a letter to BCI's counsel identifying the insufficiencies of each of the BCI's Discovery Responses. McFarland Dec., ¶ 4, Ex. C. Counsel met and conferred on April 10, 2025, via a Teams meeting, wherein BCI's counsel reiterated

BCI's position that it would stand on its objections. McFarland Dec., ¶ 6. While BCI produced some documents in its responses, as of the date of the filing of this Memorandum, at least two of the responses appear to be incomplete; at least, BCI's "standing objection" suggests that they have responsive documents they are unwilling to produce.

**B. Scentsy's Document Requests Are Not Overly Broad, Unduly Vague, Burdensome, or Irrelevant; They Are Calculated to Lead to Admissible Evidence.**

Federal Rule of Civil Procedure 26(b) defines the scope of discovery as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable

This Court recently stated, "[t]he whole point of the discovery process is to facilitate the exchange of relevant information;" and citing to Rule 401 of the Federal Rules for Evidence emphasized that "[i]nformation is relevant if it has 'any tendency' to make a fact of consequence more or less probable than it would be without the information or documents." *Carswell v. Anderson*, No. 1:22-CV-00369-BLW, 2024 WL 3104549, at 2 (D. Idaho June 24, 2024).

In the case at hand, Scentsy believes BCI has acted in bad faith and breached its fiduciary duty owed to Scentsy. Complaint and Demand for Jury Trial, ¶¶ 40-110. In order to establish its case, Scentsy must show that BCI handled Patient Claims inconsistently, and that BCI's handling was in breach of its contractual and fiduciary duties. BCI's documentation is necessary for Scentsy to prove its case. Scentsy has asked for all documents related to the Patient, specifically those related to billings and communications. *See* paragraph No. 3 above. BCI has agreed to

produce responsive documents related to the specific Patient Claim at issue, but is refusing to provide any other responsive documents that relate to other Patient Claims. In BCI's view, such other documents are not relevant to Scentsy's lawsuit. *See* paragraph No. 3 above. BCI's objection does not bear scrutiny, however: Scentsy has alleged that BCI treated the Patient Claim at issue – the Patient Claim BCI has refused to pay – *differently* than other Patient Claims that BCI did pay; if BCI refuses to produce documents related to those other Patient Claims, then Scentsy cannot prove its "treated differently" allegation.

The requested documents are clearly discoverable under the Rule 26(b) standard: the documents are relevant to Scentsy's claim – they are, in fact, central to Scentsy's claim. BCI has exclusive access to what it communicated concerning Patient billing. It cannot seriously be contested that BCI has the resources to produce its own correspondence regarding the Patient. Also, the Patient was an infant when treated, so the temporal scope of the request is limited. BCI is not entitled to hamstring Scentsy's case by BCI's unilateral determination of relevancy.

As to Scentsy's request regarding BCI's defense that ERISA does not apply to this case: Scentsy is asking for *factual* information related to that defense, not a legal conclusion. Factual information might include (for example, and not by way of limitation): contracts that purport to establish that position; correspondence, internal or external, that purport to establish that position; decisions in other cases that BCI has been a party to that are not readily searchable, etc. The factual basis for BCI's contention is relevant to the issues in this case, and the documents relevant to BCI's defense (if any exist) are in BCI's possession because it is BCI's defense.

AMENDED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - 6

## CONCLUSION

For the reasons set forth herein, Scentsy requests that the Court issue an order compelling BCI to produce all documents requested by Scentsy.

DATED THIS 25th day of April, 2025.

By /s/ Ryan T. McFarland
Ryan T. McFarland
Attorneys for Scentsy

AMENDED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - 7

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 25th day of April, 2025, I caused to be served a true copy of the foregoing document by the method indicated below, and addressed to each of the following:

| | |
|---|---|
| Samuel Andrew Diddle | sdiddle@elamburke.com |
| Dan J. Hofmeister, Jr. | dhofmeister@reedsmith.com |
| Thomas C. Hardy | thardy@reedsmith.com |

/s/ Ryan T. McFarland

Ryan T. McFarland

AMENDED MEMORANDUM IN SUPPORT OF MOTION TO COMPEL - 8