UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BLUE CROSS OF IDAHO HEALTH SERVICE, INC.,<br><br>　　　　　Defendant. | Case No. 1:23-cv-00552-AKB<br><br>**MEMORANDUM DECISION AND ORDER RE AMENDED MOTION TO COMPEL** |

Pending before the Court is Plaintiff Scentsy, Inc.'s ("Scentsy") Amended Motion to Compel (Dkt. 38). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motion on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed below, the Court denies in part and grants in part Scentsy's motion.

### I.　BACKGROUND

Defendant Blue Cross of Idaho ("BCI") served as the administrator of Scentsy's health plan ("Plan") and as Scentsy's excess-loss insurer (Dkt. 1 at ¶ 7). Scentsy alleges that when a Plan participant received medical services, the service provider would bill BCI; BCI would review, decide, and adjust the claim for coverage; and then, BCI would debit the Plan's account to pay the claim,

unless the amount of the claim exceeded $200,000 (*id.* at ¶ 13). In that event, BCI would pay the amount exceeding $200,000 ("excess amount") (*id.*). BCI's obligation to pay an excess amount, however, was limited to services rendered, billed, and paid within a fixed fifteen-month period (*id.* at ¶ 14).

In February 2022, a Plan participant ("Patient") "became seriously ill" and "ultimately incurred millions of dollars' worth of medical bills" (*id.* at ¶ 22). Between February 20 and March 21, 2022, the Patient incurred medical bills which exceeded $200,000, and BCI paid the excess amount ("covered claims") (*id.*). Between March 22 and April 20, 2022, the Patient incurred additional medical bills exceeding $200,000 ("uncovered claims") (*id.* at ¶ 23). BCI, however, did not process these uncovered claims for payment until October 2022 (*id.*). As a result, the uncovered claims were outside the fifteen-month fixed period for excess coverage, and BCI declined to pay the excess amount (*id.*). Meanwhile, if BCI had processed the uncovered claims earlier, Scentsy alleges BCI would have been required to pay the excess amount (*id.*).

After BCI refused to pay the excess amount for the uncovered claims, Scentsy brought this action. It alleges BCI unnecessarily delayed payment of the Patient's uncovered claims to avoid having to pay the excess amount for those claims (*id.* at ¶ 14). Further, it alleges that the uncovered claims "were incurred under nearly identical circumstances" as the covered claims but that BCI treated the uncovered claims "much differently" than the covered claims by taking "two-and-a-half times" longer to pay the uncovered claims (*id.* at ¶ 23).

Scentsy alleges claims for relief against BCI for breach of fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(2), (a)(3), and Idaho common law; breach of contract; breach of the covenant of good faith and fair dealing; unjust

enrichment; and insurance bad faith (*id.* at ¶¶ 40-110). Importantly for purposes of this motion, BCI's answer to Scentsy's complaint denies any fiduciary duties under ERISA (Dkt. 21 at 44, ¶ 6) ("BCI's payment of the Patient's claims was a ministerial function not subject to any fiduciary duties under ERISA or otherwise.").

Scentsy moves to compel BCI to produce documents responsive to two requests for production: (1) Request for Production No. 3 ("RFP No. 3"), and (2) Request for Production No. 22 ("RFP No. 22"). For the reasons discussed below, the Court grants Scentsy's motion regarding RFP No. 3 but denies the motion regarding RFP No. 22.

## II. LEGAL STANDARD

Rule 26(b)(1) of the Federal Rules of Civil Procedure governs the scope of discovery. It provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Ev. 401. "[T]he question of relevancy is to be more loosely construed at the discovery stage than at the trial." 8 Fed. Prac. & Proc. Civ. § 2008 (3d ed). "Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Under Rule 37, a party seeking discovery may move for an order compelling production by a party who has failed to produce requested documents. Fed. R. Civ. P. 37(a)(3).

### III.  ANALYSIS

A.  **RFP No. 3 – Patient's Billing Records**

Scentsy's RFP No. 3 seeks production of "all documents and communications concerning any and all billing records for the Patient" (Dkt. 38-1 at 3, ¶ 3(a)). Initially, BCI objected to this request and stated it would not produce any documents in response (*id.*). After Scentsy filed its motion to compel, however, BCI produced "a 317-page 'Medical Claims Itemization' for the Patient" (Dkt. 41-1 at 2, ¶ 4). BCI's counsel attests that this Medical Claims Itemization was "generated by BCI's electronic claims system"; "shows the dates BCI received and paid each of the Patient's claims, as well as the dates of service, amounts billed, amounts paid and other information"; "includes data concerning all claims from Patient's birth to the date of Patient's coverage under [sic] the Scentsy health plan terminated"; and "is directly responsive" to RFP No. 3 (*id.* at ¶¶ 4-6).

Despite BCI's production of this 317-page summary, Scentsy continues to seek documents responsive to RFP No. 3. Scentsy argues that it should not have "to rely on BCI's mere summary of the underlying documents" (Dkt. 42 at 5). Further, it explains that the underlying documents are relevant to determining why BCI "treated" the covered claims "differently" than the uncovered claims, namely why "BCI paid some of the [Patient's] claims quicker than others" by paying "some claims in a matter of weeks while others took months" (Dkt. 38-1 at 6; Dkt. 42 at 4-5).

The Court agrees that documents responsive to RFP No. 3 are relevant for purposes of discovery. For example, Scentsy has alleged BCI committed bad faith by "unreasonably and unintentionally" denying and withholding "payment on certain of the Patient's claims for months" (Dkt. 1 at ¶ 106). This Court has previously noted that "the insured needs access to the insurer's

file maintained for the insured in order to discover facts to support a claim of bad faith.'" *Hilborn v. Metro. Grp. Prop. & Cas. Ins. Co.*, No. 2:12-cv-00636-BLW, 2013 WL 6055215, at *2 (D. Idaho Nov. 15, 2013) (quoting *Cedell v. Farmers Insurance Co. of Washington*, 176 Wash.2d 686, 295 P.3d 239, 244-45 (Wash. Sup. Ct. 2013)) (addressing privilege).

This principle applies here—the requested documents are necessary to discover the reasons BCI may have treated the Patient's claims differently. Indeed, BCI essentially concedes the information is relevant by producing a summary of the information. BCI, however, cites no authority to support the propositions that BCI's production of a summary of discoverable documents is adequate and that Scentsy must rely on BCI's summary in lieu of receiving the documents underlying that summary.

The Court is not persuaded by BCI's argument that the production of documents responsive to RFP No. 3 "is disproportionate to the needs of the case" (Dkt. 41 at 3). BCI does not articulate how the request is disproportionate. Rather, it only argues that the 317-page summary provides Scentsy with "more than enough information . . . to evaluate how long it took BCI to pay the Patient's other medical claims" and that those claims are "not at issue" (*id.* at 4). Maybe so; but they are *relevant* to the extent BCI may have treated coverage of the Patient's first set of medical bills differently than the Patient's second set of medical bills, despite that the claims were allegedly for the same Patient receiving the same services for the same illness at the same hospital and clinics in the same general timeframe (Dkt. 1 at ¶ 25). Thus, they are discoverable regardless of whether a purported summary of the same information has been produced. Accordingly, the Court grants Scentsy's motion to compel BCI's response to RFP No. 3 and BCI must produce all documents and communications concerning any and all billing records for the Patient.

**MEMORANDUM DECISION AND ORDER RE AMENDED MOTION TO COMPEL - 5**

B.   **RFP No. 22 – ERISA's Application**

Scentsy's RFP No. 22 seeks production of "all non-privileged documents and communications upon which BCI bases [its] belief" that "ERISA is irrelevant to Scentsy's claims"[1] (Dkt. 38-1 at 3, ¶ 3(b)). In response, BCI states it will "only produce the relevant ASA [administrative service agreement] and excess loss contract" (*id.*). In its motion to compel, Scentsy clarifies that RFP No. 22 is for "factual information" such as "contracts that purport to establish that position; correspondence, internal or external, that purport to establish that position; decisions in other cases that BCI has been a party to that are not readily searchable, etc." (*id.* at 6). BCI opposes Scentsy's motion, arguing that RFP No. 22 seeks documents related to its legal contention that ERISA does not apply in this case and "essentially asks BCI to marshal its evidence supporting a specific legal contention, which invades the attorney-client privilege and work product [doctrine]" (Dkt. 41 at 5).

The Court agrees that asking a party to produce documents supporting a legal contention does not comply with the requirement in Rule 34 of the Federal Rules of Civil Procedure that a request for production "must describe with reasonable particularity each item or category of items to be inspected." Fed. R. Civ. P. 34(b)(1)(A). Further, as several courts have concluded, requiring counsel to select and identify a group of documents supporting a legal contention may reveal counsel's mental impressions. *See, e.g.*, *F.C.C. v. Mizuho Medy Co. Ltd.*, Case No. No. 07cv189 JAH (NLS), 2008 WL 11338402, at *4 (S.D. Cal. July 7, 2008) (citing cases); *but see Nat'l Acad.*

---

[1]   RFP No. 22 does not request that BCI produce categories of documents showing ERISA is applicable to Scentsy's claim, and the Court does not address that issue.

*of Recording Arts & Sciences, Inc. v. On Point Events, L.P.*, 256 F.R.D. 678, 682 (C.D. Cal. 2009) ("Requiring a defendant to answer a contention interrogatory and to produce documents that support its affirmative defenses is consistent with Rule 11 of the Federal Rules of Civil Procedure, which requires parties have some factual basis for their claims and allegations.") (cleaned up).

Moreover, the documents RFP No. 22 seeks—namely, documents supporting BCI's defense that ERISA is inapplicable—are documents BCI is already obligated to produce under Rule 26 of the Federal Rules of Civil Procedure. Specifically, Rule 26 provides that a defendant must produce all documents it may use to support its defense "unless the use would be solely for impeachment" and that a defendant must timely supplement its disclosure. Fed. R. Civ. P. 26(a)(1)(A), 26(e); *see also Fauteux v. Walmart, Inc.*, No. CV 2000925 DSR-AOX, 2022 WL 1716002, at *12 (C.D. Cal. Jan. 21, 2022) (noting defendant's continuing obligation to produce documents supporting defense regardless of request for production seeking such documents); *Dadisman v. Cnty. of Los Angeles*, No. CV 18-10119-PSG (PLAx), 2020 WL 2139336, at *2 (C.D. Cal. Feb. 19, 2020) (concluding RFP was proper when it did not seek production of documents counsel believed supported contention but sought production of documents which Rule 26 required plaintiff to produce in any event). To the extent BCI has not already produced non-privileged documents in its possession, custody, or control supporting its defense that ERISA is inapplicable, BCI must produce those documents under Rule 26(e) regardless of RFP No. 22. For this reason, the Court declines to grant Scentsy's motion to compel responses to RFP No. 22.

C.  **Attorney Fees**

In its reply brief, Scentsy requests "an award for expenses and attorney's fees" (Dkt. 42 at 7). It does not cite any authority in support of its request, however. Under Rule 37(a) of the Federal Rules of Civil Procedure, a court must require the party whose conduct necessitated the motion to pay the movant's reasonable expenses in making the motion, including attorney fees, unless the movant filed the motion before attempting in good faith to obtain the discovery; the opposing party's nondisclosure was substantially justified; or other circumstances make the award unjust. Fed. R. Civ. P. 37(a)(5)(A). If, however, a motion to compel discovery responses is granted in part and denied in part, as here, a court has the discretion to apportion reasonable expenses. Fed. R. Civ. P. 37(a)(5)(C). The analysis under Rule 37(a)(5)(A) and Rule 37(a)(5)(C) is the same, and any arguments pertaining to the exceptions to Rule 37(a)(5)(A) are equally applicable to determining whether attorney fees should be apportioned under Rule 37(a)(5)(C). *W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, No. 1:13-cv-00216-EJL-REB, 2016 WL 11643651, at *1 (D. Idaho Jan. 4, 2016); *Barlow v. Herman*, No. 2:13-cv-00033-JAD-CWH, 2015 WL 846568, at *3 (D. Nev. Feb. 26, 2015). Here, the Court exercises its discretion under Rule 37(a)(5)(C) to require the parties to bear their own fees and costs related to the motion.

### IV.  ORDER

IT IS ORDERED that:

1.  Scentsy's Amended Motion to Compel (Dkt. 38) is **DENIED in part** and **GRANTED in part**:

    a.  The Court grants Scentsy's motion to compel Request for Production No. 3.

      b.      The Court denies Scentsy's motion to compel Request for Production No. 22.

2.      Under Rule 37(a)(5)(C), the parties shall bear their own costs and fees.

DATED: October 08, 2025

*Amanda K. Brailsford*
Amanda K. Brailsford
U.S. District Court Judge